FILED

10 JUL -9 PM 12: 42

CLERK, U.S. DISTRICT C...
SOUTHERN DISTRICT OF CALIFORNIA

BY: ⁓rB
                DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLEMING MARTIN,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>ROB FRANKS; et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10-cv-1408 BEN (BGS)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE |

　　　On July 6, 2010, Plaintiff, proceeding pro se and requesting in forma pauperis status, initiated this action against Defendant, alleging violation of the Civil Rights Act, 42 U.S.C. § 1983. According to Plaintiff, Defendant lives on the same road as Plaintiff in Jamul, California. On or around June 19, 2010, Defendant allegedly requested that Plaintiff remove brush that Plaintiff had previously left on the road. (Compl., ¶ 1.) At some point over the next two weeks, guns became involved in the dispute. (*Id.* at ¶ 2.) Plaintiff claims he was intimidated by Defendant and Defendant discriminated against him because he was black. *Id.* For the reasons set forth below, the Court denies Plaintiff's request for in forma pauperis status and dismisses the Complaint without prejudice based on lack of subject matter jurisdiction.

**MOTION TO PROCEED IN FORMA PAUPERIS**

　　　Plaintiff attaches to his Complaint a Motion to Proceed In Forma Pauperis. (Docket No. 1.) Under Section 1915 of title 28 of the United States Code,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without

> prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Here, Plaintiff states he is not currently employed. (Mot., pg. 2.) Plaintiff states he receives $1,591.50 per month in social security. *Id.* Plaintiff also has a bank account with a balance of approximately $300.00. *Id.* Although a party need not be completely destitute to proceed IFP, a party must still show by affidavit or other similarly reliable source that, because of his or her poverty, he or she cannot pay the filing fee and still provide the "necessities of life" for his or her family. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Plaintiff fails to satisfy that requirement here and, therefore, is not excused from paying the $350 filing fee to commence this action.

Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**.

## DISMISSAL OF ACTION WITHOUT PREJUDICE

A complaint filed by any person proceeding, or seeking to proceed, in forma pauperis under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The Court also has an independent obligation to assess its own subject matter jurisdiction at all times. Fed. R. Civ. P. 12(h)(3). Having reviewed the Complaint, the Court finds it lacks subject matter jurisdiction over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. Federal courts may adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: essentially those cases involving diversity of citizenship, federal question, or to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests on the party asserting jurisdiction. *Id.*

Plaintiff seeks to establish federal question jurisdiction by alleging a claim arising under the Civil Rights Act, 42 U.S.C. § 1983. The Civil Rights Act provides,

> Every person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983. To state a Section 1983 claim, Plaintiff must allege a violation of a cognizable interest, *see Baker v. McCollan*, 443 U.S. 137 (1979), and that the injuries were inflicted by an individual acting on behalf of the government, *see Monroe v. Pape*, 365 U.S. 167 (1967).

Here, Plaintiff fails to allege Defendant acted under color of state law when Defendant allegedly deprived Plaintiff of his constitutional rights. The identified actors are individual neighbors of Plaintiff. (Compl., pg. 2-3.) There are no allegations suggesting that any of the alleged wrongdoing is attributable to state actors. Individuals are not generally liable for violations of most rights secured by the United States Constitution. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982). In order to maintain a cause of action based upon allegations of constitutional violations, Plaintiff must show that the actions complained of are "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). Here, the complaint fails to allege that the complained of conduct is attributable, in any way, to the government. Accordingly, the Court finds Plaintiff fails to establish subject matter jurisdiction in this Court over any claim set forth in the Complaint. As such, the Complaint must be dismissed. Fed. R. Civ. P. 12(h)(3).

For the reasons set forth above, the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk of the Court is instructed to close the file in this case.

**IT IS SO ORDERED**.

Date: July 04, 2010

Hon. Roger T. Benitez
Judge, United States District Court